Smith, J.
The error assigned in this case is, that the court of common pleas erred in reversing the judgment of the probate court.
*505 The record discloses the following facts: On March 16, 1885,' McCormick, as administrator of Dorman, filed in the probate court, his second account for settlement, and on the 13th of April, 1885, Sophia Campbell and the other heirs*at law of the intestate, filed exceptions to this account, and tfo one which had been filed by him in 1881, and which in the same year was duly approved and confirmed by said court. The grounds of exception were, that the administrator had not accounted for all the assets that had come into his hands — and to the items of the accounts for which there were no vouchers, and to those not properly authenticated by affidavits. They specially excepted to the amounts charged by the administrator for his services, and to the sums paid to his attorney, as excessive and unreasonable.
In the account which had been filed in 1881, and then settled and approved by the court, there were credits of 850 paid to his attorney, 887.42 for his statutory commissions on the amount of the estate then accounted for, and 860 for extra services rendered by the administrator.
On the second account, filed in 1885, he asked credit for his statutory commissions on the additional amount of the estate accounted for, and for an additional sum for extra services, and for a further amount paid to his attorney.
Quite a large part of the debit side of the account consists of charges to the administrator of rents received by him, and the residue is the proceeds of real estate sold by him under the order of the court, to pay the debts of the intestate.
On March 21, 1885, Sophia B. Campbell was appointed administrator de bonis non of the estate, in the place of McCormick removed, and on the 21st of September the exceptions to the accounts were heard, and the court made a finding as to the mode in which the account of the late administrator should be settled. It was found by the court:
1st. That McCormick, as administrator, had received from the sale of real estate, the sum of $307, with which he had failed to charge himself.
2nd. That he had credited himself with the payment of three items, amounting in the aggregate to 870, for which he was not entitled to credit. 3rd. That 8250 of the amount *506 paid to his attorney should be deducted as excessive. 4th. That he had collected $55 of rents, with which he had not charged himself, but was entitled to a credit of $60 'additional, paid out of the rents for repairs upon the premises, and that he was entitled to a credit of $5, the difference between these sums. 6th. That said administrator did not faithfully administer said estate, and account for and pay over the funds of the estate, as he was bound to do. And it was therefore adjudged that he was not entitled to have any compensation or commissions as such administrator, and that the whole amount charged therefor on the two accounts, amounting in the aggregate to $647.42, be stricken from the accounts.
And on this basis the court settled the account of the administrator and found a balance in his hands, which he was ordered to pay over to the present administratrix. To this judgment McCormick excepted, but did ’ not present' a bill of exceptions.
He thereupon filed a petition in error in the court of common pleas, which reversed the judgment of the probate court, for the reason as stated in the entry, “ that the probate court had charged the administrator with $55 of rents not included in his account.” And this case is now before us to review that judgment of reversal.
It is evident as to many of the findings of the probate court that the correctness of them can not be considered, because the evidence upon which the court acted is not before us— thus we must take it as true that the evidence submitted to the trial court, showed that the amount charged for attorney’s fees was excessive, and that the administrator had not charged himself with all the assets received by him, and had credited himself with items for which he was not entitled to credit'. If the administrator had desired to have the decision of the court as to these matters reviewed, he should have taken a bill of exceptions setting out the evidence’ upon which the court acted.
There are, however, several question's raised upon the record which we proceed to consider, and the first is, whether the probate court erred in its action as to the $55 received by the administrator for rents and added by the court to his account.
*507 In each of the two accounts filed by him, the administrator charged .himself with rents received by him, and the same or a large part thereof is shown by his accounts to have been used as assets of the estate, and disbursed by him in the payment of the debts of the intestate. In the exceptions filed to these accounts, no exception is taken as to this, thus showing the assent of the heirs to it. The court also accepted the account as presented by the administrator, so far as he charged himself with the rents, and presented proper credits for payments on account of the real estate — but finding that he had received $55 additional from the same source, charged him with it and credited him with $60 for repairs upon the property, which stood on the same footing. It would seem, that in this the administrator was not prejudiced, as taking the two items together, the court charges him with $5 less than he was charged with on the account of rents and repairs as presented by him.
We think, too, that a reviewing court can not properly, from the face of the account itself, or taken in connection -with the finding of the court, say, that the items of rent charged to the administrator were not properly assets received by him and with which he ought to be charged. For all that appears, they may have been for rents that had accrued prior to the death of the intestate — or those arising from a lease for years; or they may have been received for rents accruing after the death of the intestate, under an agreement of the heirs that they should be assets in his hands. By sec. 6146, Revised Statutes, the heirs of an intestate are authorized to give a bond in the probate court, conditioned to pay all of the debts of such intestate, and therebjr save the real estate from sale by the administrator to pay such debts. Suppose they furnish the administrator with-money sufficient to do this. Is he not to account for it as assets? We think he should, and that the probate court, on the settlement of his account, would be authorized to charge him with it, and compel a correct account of it to be filed. If, by agreement with the heirs, he receives the rents of real estate to apply to the debts, the same result follows, and such agreement may have been shown by the evidence in this case, and we should presume that it was, if necessary to support the judgment of the trial court. But on the *508 broader ground laid down in the case of Conger v. Atwood, 28 Ohio St., 134, we would be disposed to hold (if necessary so to do), that if this administrator had received these rents, without authority from the heirs, and used them, as it is shown he did in this case, in paying the debts of the estate, that he was bound properly to account for them with the court, and that its action in correcting this account was not erroneous. We are of the opinion then, that the reason which the court of common pleas assigned for the reversal of the judgment of the probate court, was not a sound one — but if the judgment itself was right, it does not matter what reason was assigned for it.
The next question which arises is this: Did the probate court err in striking from the account of 1881, the items allowed to the administrator for his statutory commissions and for extra services?
Section 6187, Revised Statutes, provides, “that upon every settlement of an account by an executor or administrator, all his former accounts may be so far opened, as to correct any mistake or error therein.”.
It was not claimed in the exceptions filed, and it was not found by the court, that there was any'error or mistake as to these items — -indeed the contrary might fairly be inferred from the finding itself. It was clearly an attempt to punish the administrator for failing in his second account (filed four years after the settlement of the first,) to charge himself with the proper amount, and for crediting himself with amounts to which the court thought he was not entitled. It is only where error or mistake in one account has intervened, that the court on the filing of a subsequent one, can correct such mistake or error; and we think the probate court erred in its action, whereby it undertook to deprive the administrator of his right to the commissions and allowance made to him for extra services on the settlement of his first account. And the same would be true as to the item for attorney fees, if it appeared that this had been disallowed — which, however, is not the case, as the amount deducted from the sum paid to the attorney, might properly be held to have been deducted from the allowance asked for on the account of 1885.
*509 The remaining question is whether the probate court on the settlement of the account of 1885, wasjauthorizedjjto refuse to allow to the administrator any commissions on the amount of the property accounted for by him.
He had charged himself with several^thousand dollars of personal property, and with a|iarge^amount, the proceeds of real estate sold under the order ofgthe court to pay the debts of the estate, and had paid out, as shown by his account, (in this respect approved by the court,) the greater part thereof on the debts of his intestate. But for the reason that he had failed, (whether by mistake, or wilfully, does not appear,) to charge himself with one item, and had improperly credited himself with other items, the court found that this was unfaithful administration, and refused to allow him any compensation for his services as administrator. Was this right?
Section 6188, Revised Statutes, provides that “ executors and administrators may be allowed the following commissions upon the amount of the personal estate, collected and accounted for by them, and of the proceeds of the real estate sold under an order of court for the payment of debts, or under the direction of the will, which shall be received in full compensation for all their ordinary services.” * * * “And in all cases, such further allowance shall be made, as the court shall consider just and reasonable, for actual and necessary expenses, and for any extraordinary services not required of an executor or administrator in the common course of his duty.”
Does this section confer a discretion upon the probate court, to allow the whole of|the statutory commissions, or such part thereof as it may deem proper, or if it chooses so to do, may the court refuse to allow any part thereof?
In some of the states, their statutes do not fix the amount to be paid to such trustees. In such cases it seems to rest in the sound discretion of the probate court, and yet as a general rule, it is fixed by custom. In many of these states it has been judicially held that “¿unfaithful administration will not deprive an executor or administrator of a right to compensation for his services, so far as they have been beneficial to the persons interested in the estate.” In others it has been held otherwise, “ where his wilfull default, or gross negligence, has *510 occasioned loss to the estate.” But in other cases it has been held that “ compensation being a matter of discretion, it maybe refused for misconduct.” See note to 3 Williams on Ex’rs, page 1962, and cases cited.
If our statute gave to the probate court the right to determine as to the amount of such commissions, in this conflict of authority, we should be disposed to adopt the first rule referred to, as being the most just and equitable. As in contemplation of law,, any and all loss to an estate from the 'unfaithful administration thereof, is amply guarded against by the bond which is required to be given, it would seem just that if the services of the administrator have been valuable to the estate, that he should receive compensation therefor, and particularly should it not be disallowed, unless his wilful default, or gross negligence, has occasioned such loss.
But we incline strongly to the opinion, that under our statute such a trustee is entitled to his commissions, even if he has failed properly to administer the estate. It is true that the statute says he “ may be allowed.” But it is a familiar doctrine of the law, that the word -may, often has the meaning of shall — and in general laws this is the rule. Thus, as stated in Bouvier Law Die., title “ may,” “ Whenever a statute directs the doing of a thing for the sake of justice or popular good, the word Imay is the same as shall.” And again, “ The words shall and may, in general acts of the legislature, are to be construed imperatively.” And we think it should receive that interpretation here, as it seems that the two words in the same section are used interchangeably — shall being used twice therein ; that is, the statutory commission fixed, “ shall be received in full compensation,” and “ in all cases, such further compensation shattfrbe made,” etc. It is hardly probable that the legislature intended to make it imperative upon the probate court, to allow for extraordinary services and expenses, and leave the ordinary commissions to the discretion of the court. The compensation for the extra services shall be allowed, in addition to the other, that is, to the commissions fixed by the statute itself. We think it was the intention of the legislature to withdraw this matter from the discretion of the court, and to have it fixed so that the administrator or ex *511 ecutor might rely on receiving what the statute provides for; and to have a uniform rate of compensation throughout the state, and not have the amount of such commissions to vary with the views or feelings of the court called upon to act in the matter.
W. J. Goppuck and Isaac B. Watson, for plaintiff in error.
Milton Safer and S. A. M[iller, for defendant in error.
So far as we are advised this has been the uniform practice in the state. This is the first time that we have known an administrator to be deprived of his statutory commissions, even when it appeared that he had been derelict in his duty to the estate. This universal practice goes far to show the judgment and understanding of courts and the profession on this point, though so far as we know, it has not been ad]udicated in Ohio.
Our conclusion then is, that the judgment of the common pleas, reversing that of the probate court, was right, and should be affirmed with costs.